40630. CAREY CANADA, INC. v. HEAD et al.

MARSHALL, Presiding Justice.

The petitioner for writ of prohibition, Carey Canada, Inc., is a Canadian corporation which is engaged in asbestos mining operations in Quebec. The petitioner has been sued, along with various other defendants, in a multiplicity of state and federal asbestos product-liability suits in Georgia.

Forty-six of these suits are currently pending in the State Court of Chatham County. The state court judge, Honorable James W. Head, has entered orders requiring the petitioner to respond to certain requests for discovery. The petitioner argues, among other things, that these orders exceed that court's jurisdictional authority, because they compel the petitioner to produce documents which are shielded from disclosure under Canadian law. The state court judge denied the petitioner a certificate of immediate review, which would have authorized an application for interlocutory appeal of these orders to the appellate courts.

The petitioner then filed a motion in equity in the Chatham Superior Court to stay and set aside these orders, but this motion was denied. Seeking the same relief, the petitioner has now filed a motion for writ of prohibition in this court.

In *Brown v. Johnson,* 251 Ga. 436 (306 SE2d 655) (1983), we noted that the 1983 Georgia Constitution gives the appellate courts, as well as the superior courts, of this state original jurisdiction to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction. However, in *Brown v. Johnson,* 251 Ga., supra at pp. 436-437, we held:

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition,

specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare.

"There may occasionally appear to be a need to file an original petition in the Supreme Court to issue process in the nature of mandamus, and perhaps quo warranto or prohibition, where a superior court judge is named as the respondent. This appearance is misleading. Such petition may be filed in the appropriate superior court. Being the respondent, the superior court judge will disqualify, another superior court judge will be appointed to hear and determine the matter, and the final decision may be appealed to the Supreme Court for review."

Accordingly, in *Brown v. Johnson,* supra, we dismissed a petition for mandamus, which sought to invoke the original jurisdiction of this court so as to require a lower court judge to enter an order in a pending matter.

After the petition for writ of prohibition was filed in this case, we issued an order citing *Brown v. Johnson,* supra, and directing the petitioner to submit a brief on the question of why this court, rather than the superior court, should entertain original jurisdiction of the writ of prohibition.

In this brief, the petitioner points out that the writ of prohibition is essentially the obverse of the writ of mandamus. That is, the writ of prohibition is generally used to restrain a court from taking action beyond its jurisdiction, whereas the writ of mandamus is generally used to compel a court to take certain action required by its jurisdiction. See 20 EGL, Mandamus, § 2 (1981 Rev.); 24 EGL, Prohibition, § 2 (1974 Rev.). However, the petitioner argues that petitioners for writ of prohibition should not be subject to the procedures set out in *Brown v. Johnson,* supra, because issuance of a writ of prohibition is not, like issuance of a writ of mandamus, an exercise of original jurisdiction. As authority for such proposition, the petitioner cites Cohens v. Virginia, 19 U. S. 264 (5 LE 257) (1821); Parr v. United States, 351 U. S. 513 (76 SC 912, 100 LE 1377) (1956); Martens v. Hall, 444 FSupp. 34 (D. C. Fla. 1977); and Mississippi v. Maples, 402 S2d 350 (Miss. 1981). The proposition alluded to by the petitioner is that, "a writ of prohibition, or any other similar writ, is in the nature of appellate process." Cohens v. Virginia, 19 U. S., supra at p. 397. What this means is that the function of a writ of prohibiton, like that of a writ of mandamus, is to aid the appellate process by directing a court or judge to take, or refrain from taking, certain actions which cannot be remedied on appeal. Mississippi v. Maples, supra. As held in Maples, there is no logical reason why a different jurisdictional rule should apply to mandamus or prohibition.

Therefore, as in *Brown v. Johnson,* supra, we hold that a petition for writ of prohibition may be filed in the appropriate superior court, and the final decision may be appealed to the supreme court for review.

*Petition for writ dismissed. All the Justices concur.*

Decided January 18, 1984.

*Brannen, Wessels & Searcy, Charles B. Mikell, Jr., Cindy M. Swinson,* for appellant.

*Richard H. Middleton, Jr., Eugene C. Brooks IV,* for appellees.