S91A0048. RUSSELL v. EVANS.

(400 SE2d 11)

PER CURIAM.

1. Pursuant to the order of the superior court in a civil contempt hearing, Russell has been imprisoned in the county jail since June 11, 1990. No court reporter attended the hearing, and there is no transcript of the proceedings, or brief of the evidence. Russell's earlier application for discretionary review of the contempt order was denied. His petition for habeas corpus in the United States District Court was dismissed for failure to exhaust state remedies. His petition for a writ of habeas corpus was dismissed, the state habeas corpus court holding that it was "impossible to reconstruct in these proceedings that which [the trial court] relied upon at the unreported contempt hearing."

We granted Russell's application for a certificate of probable cause.

2. We hold that a person who has been imprisoned for as long as Russell; under circumstances where there is no means of reviewing the legality of his restraint; and who otherwise has exhausted available remedies, is entitled to the protection of the writ of prohibition. See the following authorities:

(a) OCGA § 9-6-40:

The writ of prohibition is the counterpart of mandamus, to restrain subordinate courts and inferior tribunals from exceeding their jurisdiction, where no other legal remedy or relief is given. . . .

(b) *Jackson v. Calhoun,* 156 Ga. 756, 759 (120 SE 114) (1923):

It may be safely held that it is only when there is something in the nature of the action or proceeding that makes it apparent that the rights of the party litigant can not be adequately protected by any other remedy than by the writ of prohibition that the writ should be granted.

(c) *Carey Canada, Inc. v. Head*, 252 Ga. 23 (310 SE2d 895) (1984):

[T]he function of a writ of prohibition, like that of a writ of mandamus, is to aid the appellate process by directing a court or judge to take, or refrain from taking, certain actions which cannot be remedied on appeal.

3. (a) Appellate review of this case will require the preparation by the trial court of a transcript of the evidence in accordance with the provisions of OCGA § 5-6-41. Accordingly, the case is remanded, for that purpose, through the habeas corpus court to the trial court.

(b) "Protection to person and property is the paramount duty of government and shall be impartial and complete." Art. I, Sec. I, Par. II, Constitution of the State of Georgia of 1983. Relief appropriate to the circumstances of this case requires the immediate discharge from custody of Russell pending the outcome of this appeal.

*Case remanded and petitioner ordered discharged. All the Justices concur, except Clarke, C. J., not participating and Benham, J., who concurs in the judgment only.*

DECIDED JANUARY 31, 1991.

*Robert G. Fierer*, for appellant.
*Boyd English*, for appellee.