S95A1311. VANALSTINE v. ROACH et al.
(461 SE2d 539)

</div>

CARLEY, Justice.

VanAlstine presented for filing a pro se petition for mandamus against numerous participants in a prior civil proceeding, including Judge Roach (Judge) who presided in that proceeding. According to the allegations of VanAlstine's petition, the Judge and the other participants in the prior civil proceeding had "conspired, deprived and violated his constitutional rights by depriving him of his property without due process" and also had "deprived [him] of his right to a jury trial. . . ." In conjunction with his petition, VanAlstine paid no filing fee, but submitted a form denominated as an "In Forma Pauperis Declaration." In accordance with OCGA § 9-15-2, the peti-

---

[15] See OCGA § 24-3-36.

tion was not filed, but was submitted to the trial court for review. The trial court entered an order which denied filing to the petition, finding that it "lacks any justiciable issue of law or fact for which the Court could reasonably grant relief against any party named" therein. It is from this order that VanAlstine brings the instant pro se appeal.

A trial court's entry of judgment in an action is a judicial act from which a direct appeal or an application for a discretionary appeal may be filed and, to reverse that judicial act, pursuit of the available method of obtaining appellate review, rather than mandamus, is the proper remedy. *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995). Compare *Self v. Bayneum*, 265 Ga. 14 (453 SE2d 27) (1995). Since VanAlstine's petition shows on its face that mandamus is not an available remedy, the trial court did not err in exercising its authority under OCGA § 9-15-2 to deny filing.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995 —
RECONSIDERATION DENIED NOVEMBER 3, 1995.

James E. VanAlstine, *pro se.*

*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney General, John C. Jones, Senior Assistant Attorney General,* for appellees.