## S97A1764. HENDERSON v. McVAY.
(494 SE2d 653)

FLETCHER, Presiding Justice.

J. Perry Henderson, as executor, filed a petition in probate court to probate in common form the 1993 will of Alice Dora Little. After probate was delayed, Henderson filed this mandamus action in superior court seeking to compel Probate Judge Kipling L. McVay to probate the will. The superior court denied the petition for mandamus. Because an order granting probate in common form is a judicial act and Henderson does not have a clear legal right to the relief he seeks, we affirm.

1. Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy.[1] Mandamus will issue when the petitioner has a clear legal right to the relief sought and the public officer commits a gross abuse of discretion.[2] In applying these standards, we have held that mandamus will lie when the official act is purely ministerial, but not when it is judicial.[3] A court carries out administrative acts when "the

[1] *Grant v. Byrd,* 265 Ga. 684, 685 (461 SE2d 871) (1995); OCGA § 9-6-20.

[2] See *City of Atlanta v. Wansley Moving & Storage Co.,* 245 Ga. 794, 796 (267 SE2d 234) (1980).

[3] See *Anderson v. McMurry,* 217 Ga. 145, 150 (121 SE2d 22) (1961).

law has prescribed and defined the duty to be performed with such precision and certainty as to leave no room for the exercise of judgment or discretion."[4] In contrast, a court completes a judicial act when it exercises judgment or discretion.

This state permits the probate of wills in common form or solemn form.[5] OCGA § 53-5-17 provides that a will "may be proved in common form upon the testimony of a single subscribing witness and without notice to anyone." Given these minimal requirements, a judgment probating a will in common form has a limited effect and does not become conclusive on anyone with adverse interests until four years from the time of probate.[6] There is no right to file a caveat to the probate of a will in common form or to appeal the probate court's decision on the will.[7] A person who wishes to attack the will must apply to the probate court for a citation calling on the propounder to probate the will in solemn form and then file a caveat to that probate.[8] The Probate Code does not specify a remedy when the probate court refuses to probate the will in common form.

We construe the statutory language in § 53-5-17 to mean that the probate court exercises discretion in deciding whether to grant the probate of a will in common form. The term "may" in a statute ordinarily denotes permission unless the public interest or rights of third persons are affected.[9] Neither the public's interest nor the rights of third parties are involved in the procedure for proving an individual's will in common form. Moreover, by using the phrase "may be proved," the Probate Code gives the probate court the authority to refuse the probate of a will in common form under appropriate circumstances, such as when the will is not attested by the proper number of witnesses.[10] Since the probate court is exercising its discretion, we hold that it performs a judicial act when it grants or refuses probate in common form.

Applying this holding, we conclude that the trial court properly

---

[4] *South View Cemetery Ass'n v. Hailey*, 199 Ga. 478, 480 (34 SE2d 863) (1945).

[5] OCGA § 53-5-15 (1997). This opinion cites the sections in Title 53 of the revised Probate Code, effective January 1, 1998.

[6] See OCGA § 53-5-19 (probate in common form conclusive on all parties in interest after four years with limited exceptions); *Jones v. Dean*, 188 Ga. 319 (3 SE2d 894) (1939); *Davison v. Sibley*, 140 Ga. 707, 709 (79 SE 855) (1913).

[7] See *Hooks v. Brown*, 125 Ga. 122, 131 (53 SE 583) (1906).

[8] See *Crockett v. Oliver*, 218 Ga. 620, 622 (129 SE2d 806) (1963); *Abercrombie v. Hair*, 185 Ga. 728, 731 (196 SE 447) (1938).

[9] OCGA § 1-3-3 (10).

[10] See *Gay v. Sanders*, 101 Ga. 601, 607 (28 SE 1019) (1897) (a paper attested by only one witness was void); *Hooks v. Stamper*, 18 Ga. 471, 473 (1855) (will is void when it has no attesting witness); see generally 1 Sarajane Love, Redfearn Wills & Administration in Georgia § 119 (5th ed. 1988) (when instrument purporting to be will is invalid, probate judge has no authority to probate it in common or in solemn form).

refused to issue mandamus commanding Judge McVay to probate in common form the 1993 will of Alice Dora Little. Following the statutory requirements to prove a will in common form did not give Henderson a clear legal right to the relief he sought. In addition, Henderson has another legal remedy since he may still seek probate in solemn form.[11]

2. Henderson also seeks mandamus based on the trial court's failure to order the probate judge to recuse herself. The executor moved to disqualify Judge McVay based on her actions while presiding over an earlier related case concerning the appointment of a guardian for Little.

When a motion to recuse is filed, the judge must cease acting on the merits of the case and determine the timeliness of the motion, the legal sufficiency of the affidavit, and whether recusal is warranted assuming the facts alleged are true.[12] In order to disqualify the judge, the alleged bias must stem from an extra-judicial source and result in an opinion based on something other than what the judge learned from participating in the case.[13] "[I]t is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious."[14] Assuming the allegations in Henderson's motion and accompanying affidavit are true, he has failed to set forth a legally sufficient affidavit. Therefore, the trial court did not err in denying his petition for mandamus based on his request for recusal.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Louis Levenson,* for appellant.
*R. Mark Mahler, Bray & Johnson, William L. Colvin,* for appellee.

---

[11] See 95 C.J.S. *Wills* § 318 (1957) (refusal of probate in common form does not prevent subsequent presentation of instrument for probate in solemn form).

[12] *Birt v. State,* 256 Ga. 483, 484 (350 SE2d 241) (1986); Unif. P. Ct. R. 19.2.

[13] *Birt,* 256 Ga. at 485.

[14] *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207) (1980).