A97A2459. IN RE DENHARDT.
(498 SE2d 772)

POPE, Presiding Judge.

Eddie L. Denhardt filed a petition in the State Court of DeKalb County requesting to be appointed as a permanent process server pursuant to OCGA § 9-11-4 (c). Attached to his petition was an affidavit in which Denhardt stated under oath that he was older than 18 years of age; was a citizen of the United States; would not exercise any authority as a court-appointed process server in any litigation in which he had an interest; and knew of no disability that would prohibit him from being appointed as a permanent process server. The State Court denied Denhardt's petition, refusing ever to appoint a permanent process server on the ground that there was no way to ensure that such a person would be a disinterested party in every case in which the person might be called upon to act. Denhardt appeals the ruling, and under the facts presented in this case, we affirm.

"OCGA § 9-11-4 (c) plainly states who may serve process in a civil action." *Zimmerman v. Hammer*, 220 Ga. App. 864, 865 (470 SE2d 688) (1996). And it is undisputed that under OCGA § 9-11-4 (c), the trial courts of this state have the discretion and authority to appoint disinterested persons, who are citizens of the United States and at least 18 years old, as permanent process servers. OCGA § 9-11-4 (c), however, does not expressly require such appointments. In the absence of such a requirement, any case law or evidence of a specific lower court rule to the contrary in this case, or any assertion that the State Court in question treated other applicants differently

than Denhardt, we find no error in the ruling, which certainly was based upon a legitimate concern. See *Fortson v. Fortson*, 204 Ga. App. 827, 829 (2) (421 SE2d 106) (1992); *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504, 505 (271 SE2d 644) (1980) (service of process by a disinterested person is an appropriate concern in any case). We also find no merit to Denhardt's contention that the State Court's ruling makes the permanent process server provisions of OCGA § 9-11-4 (c) meaningless in light of the fact that other trial courts, in their discretion, may uniformly choose to use that provision even though the State Court involved here, in its discretion, apparently has uniformly chosen not to under any circumstances.

*Judgment affirmed. Andrews, C. J., Johnson and Smith, JJ., concur. McMurray, P. J., Beasley and Blackburn, JJ., dissent.*

BLACKBURN, Judge, dissenting.

I must respectfully dissent from the majority because the trial court failed to exercise its discretion in determining whether to appoint Denhardt as a permanent process server.

As we have previously held, OCGA § 9-11-4 (c) is plain and unambiguous. See *Zimmerman v. Hammer*, 220 Ga. App. 864, 865 (470 SE2d 688) (1996). The statute clearly authorizes process to be served by (1) the sheriff or deputy "of the county where the action is brought," (2) the sheriff or deputy of the county "where the defendant is found," (3) "the marshal or sheriff [or deputy] of the court," (4) a special process server appointed by the court to serve process in a specific case, or (5) *a permanent process server*, who is "someone who is not a party and is not younger than 18 years of age and has been appointed as a permanent process server by the court in which the action is brought."

In the present case, the trial court's decision to never appoint permanent process servers clearly circumvents the legislature's provision for such servers. While the trial court is authorized to reasonably pass on the qualifications of an individual for the position of permanent process server, it is not authorized to effectively veto the legislative act creating the position by imposing a condition which precludes anyone from being appointed thereto. The trial court is without authority to simply reject the general use of permanent process servers as provided by the legislature.

Additionally, the trial court's rationale, that it must be able to determine whether the permanent process server is disinterested on a case-by-case basis, is not supported in fact or in law. The court makes no such determination of individuals in other categories who effect service of process. Denhardt has averred that he would not serve process in any litigation in which he held an interest. The court, in appointing a special process server, generally relies on the

affidavit of the server or an attorney that such server is not interested in the litigation in which service is effected. The idea that the affidavit of a special process server that he has no interest in a particular case, provides greater protection from abuse than does the affidavit of a permanent process server that he will not effect service in any case in which he has an interest is without merit. The applicant in either case could mislead the court.

Furthermore, the court's contention that it is unable to determine whether a permanent process server is uninterested in the litigation in which service is to be effected, applies equally to others authorized by the legislature to serve process, including sheriffs, marshals and deputies. In connection with the permanent process server statute, the trial court has discretion only as to the appointment of individuals as permanent process servers. It must exercise that discretion. Its effective rejection of the legislative act generally constitutes a failure to exercise its discretion as to the appointment of the subject individual under OCGA § 9-11-4 (c).

"If the appellate court is unable to ascertain whether the lower court has exercised its discretion, the appropriate course for the appellate court is *not* to perform a de novo review of the evidence in the guise of a harmless error analysis, but instead is to vacate the judgment and remand the case to the lower court for further proceedings consistent with its statutory duty. *In re E. W.*, 256 Ga. 681 (353 SE2d 175) (1987)." (Punctuation omitted; emphasis supplied.) *Padilla v. Melendez*, 228 Ga. App. 460, 463 (491 SE2d 905) (1997). Therefore, I would remand this case to the trial court for it to exercise its discretion in determining whether Denhardt is an individual who is qualified for appointment as a permanent process server.

I am authorized to state that Presiding Judge McMurray and Judge Beasley join in this dissent.

DECIDED MARCH 13, 1998

*Levy & Adams, D. Merrill Adams*, for appellant.
Eddie L. Denhardt, *pro se*.
*Jonathan A. Weintraub*, for appellee.