### S98A1313. BANKS v. BENHAM et al.
(510 SE2d 290)

George F. Nunn, Jr., Chief Judge.

In September 1993, the Georgia Power Company filed a condemnation action in the Superior Court of Hall County to obtain 8.33 acres for the construction of a high voltage electric power transmission line. By order, the Hall County Court entered its judgment of taking in favor of Georgia Power based on the award of the special master. Banks sought interlocutory appeal of the judgment of taking, but this Court denied interlocutory appeal. In February 1995, the Superior Court of Hall County held a valuation trial resulting in a jury verdict which was subsequently made a judgment of the Court. On May 30, 1995, this Court docketed Banks' appeal, but later the Court sua sponte transferred the case to the Court of Appeals because the trial court failed to specifically rule on Banks' constitutional issues. Banks asked for rescission of the transfer, which was denied. In January 1996, the Court of Appeals affirmed the trial court's ruling, and in May 1996, this Court granted Banks' previously denied application for writ of certiorari. This Court affirmed the Court of Appeals' decision and ruled that OCGA § 22-3-20 is constitutional. Appellant filed a motion for reconsideration which was denied. Appellant delivered to the Court a second motion for reconsideration which was ultimately not filed pursuant to Court order. Appellant filed a Petition for Certiorari with the United States Supreme Court, but it was denied as untimely. In December 1997, the Supreme Court denied Banks' request to file enumerations of error.

Appellant filed a petition for mandamus in the Superior Court of Fulton County praying that the Superior Court compel the Supreme Court to consider appellant's remaining constitutional issues. The Superior Court of Fulton County granted respondent's motion to dismiss the petition for mandamus. Appellant then filed the instant appeal.

Mandamus will lie when the official act (sought to be compelled)

is purely ministerial but not when it is judicial in nature.[1] A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.[2]

Mandamus is available only if there is no other specific legal remedy. OCGA § 9-6-20. Where there is a right of judicial review of the act of a judicial officer, mandamus is not an available remedy to require him to perform his judicial function in a manner different from the way he has performed it.[3]

In the case at bar, the Supreme Court has made a number of decisions about which the appellant complains:

First, the Supreme Court decided to refer the case to the Court of Appeals for determination. Appellant was unhappy with that decision and asked the Supreme Court to reconsider and rescind the transfer order. The Court made a decision not to reconsider and not to rescind the transfer order.

Next, appellant applied for a writ of certiorari, and the Supreme Court made a decision to deny the writ. Subsequently, appellant asked the Supreme Court to reconsider the application for certiorari; the Court did so and granted the writ as to certain issues. Upon its consideration of these issues, the Court made a ruling finding the challenged procedure to be constitutional.

Finally, as to certain other issues sought to be raised by appellant, the Court ruled that these issues had not been properly raised so as to bring them before the Court.

Each of these decisions made by the Supreme Court is a judicial act and not a ministerial one. Their decisions may be legally sound or woefully weak; they may be based on soundly reasoned case law or on poorly thought out decisions; they may have been decided by the Court unanimously or by 4-3 decisions of the justices; they may have been clearly and adequately explained or they may have been barely discussed. But whatever the method by which these decisions were reached and conveyed, they were, in each and every case, judicial decisions not subject to challenge by an action for mandamus.

*Judgment affirmed. Judge Richard S. Gault, Judge Joe C.*

---

[1] *Henderson v. McVay*, 269 Ga. 7 (494 SE2d 653) (1998); *Anderson v. McMurry*, 217 Ga. 145 (121 SE2d 22) (1961).

[2] *Schulze v. DeKalb County*, 230 Ga. App. 305 (496 SE2d 273) (1998), citing *Johnson v. Gonzalez*, 223 Ga. App. 646 (478 SE2d 410) (1996).

[3] *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995), citing *Rossi v. Price*, 237 Ga. 651 (229 SE2d 429) (1976).

*Bishop, Judge H. Arthur McLane, Judge Philip F. Etheridge, Judge Perry Brannen, Jr., and Judge Robert G. Walther concur. Benham, C. J., Fletcher, P. J., Sears, Hunstein, Carley, Thompson and Hines, JJ., disqualified.*

DECIDED OCTOBER 13, 1998 —
RECONSIDERATION DENIED OCTOBER 30, 1998.

*Banks & Stubbs, Rafe Banks III,* for appellant.

*Thurbert E. Baker, Attorney General, Kathryn L. Allen, Dennis R. Dunn, Senior Assistant Attorneys General,* for appellees.