## S98A1614. TAMAROFF et al. v. COWEN.
(511 SE2d 159)

HINES, Justice.

This is an appeal from the superior court's denial of a petition for writ of mandamus seeking to order a state court judge to appoint permanent process servers pursuant to OCGA § 9-11-4 (c).[1] Finding that the superior court properly denied mandamus, we affirm.

Tamaroff and Maggard operate companies which provide services to attorneys throughout the country, including private process serving. Both filed motions in the State Court of Clayton County requesting appointment as permanent process servers. After conducting a hearing at which Tamaroff and Maggard presented evidence that each was over the age of 18, was a United States citizen, was employed or in business, and had been previously appointed to serve process in various courts, state court judge Linda S. Cowen denied the motions. Judge Cowen found that it was a matter of judicial discretion whether to appoint any person a permanent process server, that the court was concerned about appointing individuals to perform an official function without having more information about the persons' abilities and trustworthiness, and that Tamaroff and Maggard had failed to persuade the court to make the appointments. Tamaroff and Maggard then petitioned the superior court to issue a writ of mandamus directing Judge Cowen to appoint them as permanent process servers.

Judge Cowen's refusal to make the appointments was a judicial act. Mandamus is available in the circumstance where there is no other specific legal remedy; when there is a right of judicial review of the act of a judicial officer, the remedy of mandamus is not available to require that the judicial officer perform differently the judicial function at issue. *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995). What is more, mandamus provides extraordinary relief to compel the performance of an official duty. OCGA § 9-6-20. It does not issue to direct a public official to do a discretionary act unless such discretion has been grossly abused. *Vargas v. Morris*, 266 Ga. 141 (1) (465 SE2d 275) (1996). See also *Lowe v. State of Ga.*, 267 Ga. 754, 756 (2) (482 SE2d 344) (1997); *Dance v. Garner*, 267 Ga. 126 (475 SE2d 646) (1996).

Therefore, even assuming that Tamaroff and Maggard had no other specific legal remedy, mandamus still would not lie. OCGA § 9-

---

[1] OCGA § 9-11-4 (c) provides in relevant part that "[p]rocess shall be served by the sheriff of the county where the action is brought or where the defendant is found . . . or by any citizen of the United States specially appointed by the court for that purpose or by someone who is not a party and is not younger than 18 years of age and has been appointed as a permanent process server by the court in which the action is brought."

11-4 (c) provides a trial court with the authority as well as the *discretion* to appoint disinterested persons, who are citizens of the United States and at least 18 years of age, as permanent process servers. *In re Denhardt*, 231 Ga. App. 203 (498 SE2d 772) (1998). Contrary to Tamaroff's and Maggard's assertion, it does not mandate that the trial court make such an appointment when the statutory requirements have been satisfied. Id. Thus, Tamaroff and Maggard must demonstrate that the state court grossly abused its discretion in refusing the appointments. This they fail to do. The state court was well within its authority to require evidence of character and ability before giving the parties official sanction to serve process in cases before the court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

Paul K. Tamaroff, *pro se.*
*Donald M. Comer II, Jack R. Hancock,* for appellee.