## S99A0872. HOLMES v. BOARD OF COMMISSIONERS.
(517 SE2d 788)

FLETCHER, Presiding Justice.

This is the fourth appellate opinion arising out of a dispute concerning whether the Reverend Kenneth R. Holmes has the right to hold church services on the property of Achor Center, Inc.[1] Achor swore out a warrant for the arrest of Holmes for criminal trespass in October 1997, and Holmes sought to enjoin the county's solicitor general from prosecuting him. The trial court denied the injunction, and Holmes appeals. We affirm.

OCGA § 9-5-2 states that equity does not interfere with the administration of the criminal law. "It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them."[2] Although there is an exception when a pending prosecution prevents a person from pursuing his or her occupation,[3] the exception does not apply here because Rev. Holmes is not prohibited from serving as pastor of the Capitol View Community Church or working as a minister in other churches.

In addition, Holmes is not entitled to equitable relief because he has not exhausted his legal remedies.[4] If he is tried and convicted of the criminal trespass of Achor's property, he may appeal his conviction. Because he has an adequate remedy at law, we affirm the trial court's denial of his petition for an injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1999.

Kenneth R. Holmes, *pro se.*

Long, Weinberg, Ansley & Wheeler, Milton B. Satcher III, Anna C. Palazzolo, Anandhi S. Rajan, Charles G. Hicks, Elizabeth F. Allen,

---

[1] See *Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997) (affirming trial court's finding that Holmes was in contempt of interlocutory injunction prohibiting him from going onto Achor's property at any time); *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998) (holding that United Baptist Church and its minister were entitled to summary judgment on Holmes' claim for malicious prosecution arising out of his June 1993 arrest for criminal trespass of Achor's property); *Achor Center, Inc. v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995) (holding Achor Center was entitled to summary judgment on Holmes' claims for malicious prosecution and tortious interference with business relations arising out of June 1993 arrest).

[2] OCGA § 9-5-2.

[3] See *Baldwin v. City of Atlanta*, 147 Ga. 28 (92 SE 630) (1917).

[4] Cf. *Baez v. Lemacks*, 264 Ga. 808 (452 SE2d 491) (1994) (holding that prisoner awaiting trial was not entitled to habeas corpus relief when imprisoned under lawful process and with adequate remedy in pending trial).

for appellee.
*Drew, Eckl & Farnham, Anne M. Landrum,* amicus curiae.