S99A0949. STUBBS et al. v. CARPENTER.
(519 SE2d 451)

THOMPSON, Justice.

M. Francis Stubbs filed a petition for a writ of mandamus to compel Don P. Carpenter, the Judge of the State Court of Toombs County, to conduct civil trials in his court. At the hearing which followed, Stubbs established that the State Court of Toombs County is required to have four terms of court each year;[1] but that no civil case has been tried in that court since November 1996 — despite an apparent backlog and repeated requests to put such cases on a trial calendar. The trial court dismissed the mandamus action on the ground that Stubbs has a specific legal remedy. Stubbs appeals and we reverse.

We find no specific legal remedy which would give Stubbs the relief he seeks, to wit, the resumption of civil trials in the State Court of Toombs County. Cf. *Barber Fertilizer Co. v. Chason,* 265 Ga. 497 (458 SE2d 631) (1995). Accordingly, we go on to determine whether mandamus will lie to compel the judge to conduct civil trials.

"[M]andamus provides extraordinary relief to compel the performance of an official duty. OCGA § 9-6-20. It does not issue to direct a public official to do a discretionary act unless such discretion has been grossly abused. [Cits.]" *Tamaroff v. Cowen,* 270 Ga. 415 (511 SE2d 159) (1999).

It is clear that a judge has the responsibility to schedule actions for trial in his court. See OCGA § 15-7-40 (trials to be conducted at trial terms prescribed by local laws); Rule 8.1 of the Uniform Rules

---

[1] See Ga. L. 1931, p. 343, which established the City Court of Lyons, now the State Court of Toombs County.

for the Superior Courts[2] (the assigned judge is responsible for the orderly movement and disposition of cases). It is also clear that the judge is vested with broad discretion in that regard. See *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405, 406 (390 SE2d 640) (1990) (court has broad discretion in regulating the business of the court). See also Ga. L. 1931, pp. 343, 348.[3] It follows that mandamus does not lie in this case unless it can be said that the judge's discretion has been grossly abused. *Tamaroff v. Cowen*, supra.

We hold that the judge's refusal to schedule civil cases for trial for more than two years is a gross abuse of discretion under the circumstances of this case. The petition for mandamus should have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 6, 1999.

*Stubbs & Associates, M. Francis Stubbs*, for appellants.
*Donald P. Carpenter, D. Duston Tapley, Jr.*, for appellee.

---

[2] This superior court rule is applicable in state courts. See Uniform State Court Rules.

[3] This Act provides that the judge of the State Court of Toombs County has the power to hold court in session so long as in his judgment it is necessary to do so.