S00A1530. SMITH & WESSON CORPORATION et al. v. CITY OF ATLANTA et al.
S00A1533. GLOCK, INC. et al. v. CITY OF ATLANTA et al.
(543 SE2d 16)

HUNSTEIN, Justice.

On February 4, 1999, the City of Atlanta filed suit in the State Court of Fulton County against a number of firearms manufacturers, distributors, and trade associations to recover damages the City allegedly incurred in expenses associated with the manufacture, distribution, marketing, promotion, and sale of defective, negligently designed and unreasonably dangerous firearms. Five days later, in response to the City's lawsuit, the Georgia General Assembly amended the firearms regulation statute, OCGA § 16-11-184,[1] by reserving to the State the right to bring civil actions against firearms manufacturers, trade associations and dealers.[2] Ga. L. 1999, p. 2, § 3, not codified by the Legislature, provides that the 1999 amendment is applicable to any actions pending on or brought on or after February 9, 1999. In June 1999 appellant Smith & Wesson[3] moved to dismiss

---

[1] Section (b) (1) of the statute enacted before the 1999 amendment stated that no county or municipal corporation "shall regulate in any manner gun shows, the possession, ownership, transport, carrying, transfer, sale, purchase, licensing, or registration of firearms, components of firearms, firearms dealers, or dealers in firearms components." Ga. L. 1995, pp. 139, 147, § 2.

[2] Subdivision (b) (2) provides that

[t]he authority to bring suit and [the] right to recover against any firearms or ammunition manufacturer, trade association, or dealer by or on behalf of any governmental unit created by or pursuant to an Act of the General Assembly or the Constitution, or any department, agency, or authority thereof, for damages, abatement, or injunctive relief resulting from or relating to the lawful design, manufacture, marketing, or sale of firearms or ammunition to the public shall be reserved exclusively to the state.

[3] Smith & Wesson Corp. filed the motion to dismiss and other defendants in the state

the state court action based on the amended statute and the contention that the City did not have the right to regulate firearms in a matter preempted by state law. On October 27, 1999 after briefing and oral argument, State Court Judge M. Gino Brogdon granted Smith & Wesson's motion to dismiss the claims sounding in strict liability, denied the motion to dismiss three of the negligence claims, but ruled that he would "revisit" the merits of the claims upon filing of summary judgment motions, and declined to rule on remaining claims in the complaint and amended complaint because they were not addressed in the motion to dismiss. In a written order dated November 4, 1999, Judge Brogdon refused Smith & Wesson's motion under OCGA § 5-6-34 (b) to certify that the partial denial of the motion to dismiss was of such importance to the case that immediate review should be had by an appellate court.

Believing that the amended firearms regulatory statute precluded the City from pursuing any relief against firearms manufacturers, on November 11, 1999, Glock, Inc. and Browning Arms Company[4] (hereinafter Glock, Inc.) sought a declaratory judgment from the Superior Court of Fulton County[5] that the City's lawsuit violated the express statutory bar contained in the statute and also sought an injunction to prevent the underlying state court action from going forward. Three weeks later, Smith & Wesson and others[6] (hereinafter Smith & Wesson) sought writs of mandamus and prohibition against Judge Brogdon to compel Judge Brogdon to dismiss the case as well as a declaratory judgment that under the regulatory statute the tort lawsuit against the gun manufacturers could not be pursued by the City.[7] The superior court issued orders on February 18, 2000, ruling that dismissal of the suit by the state court was not mandated by the regulatory statute, and even if it were, Smith & Wesson and Glock, Inc. were not entitled to such relief which circumvented the remedies available to them in the state court. Because we agree with the superior court that Smith & Wesson and Glock, Inc. were not entitled to the issuance of writs of mandamus or prohibition and were not entitled under these circumstances to injunctive or declaratory relief, we

court action, excluding Glock, Inc. and Browning Arms Company, joined.

[4] Appellant Browning Arms Company joined Glock, Inc. in the declaratory judgment action. Although Browning Arms Company was not a named defendant in the state court action, Browning owes an indemnity obligation to Arms Technology, Inc., a named defendant.

[5] The City of Atlanta and its mayor, William Campbell, were named defendants in the complaint filed by Glock, Inc. and Browning Arms Company.

[6] The petition for writ of mandamus, writ of prohibition, declaratory judgment, and injunctive relief was filed by Smith & Wesson Corp., Sturm, Ruger & Company, Inc., Beretta U.S.A. Corp., Bryco Arms, B.L. Jennings, Inc., and Colt's Manufacturing Company, Inc.

[7] The complaint filed by Smith & Wesson also named William Campbell and members of the Atlanta City Council as defendants.

affirm.

1. The City's products liability complaint which mirrored lawsuits filed by other major cities, alleged that the firearms industry should be held responsible for gun violence resulting from the manufacture and distribution of handguns. Appellant Smith & Wesson contends that it was error for the superior court to refuse its petition to command the state court to dismiss the lawsuit because the amended statute prohibits a local political subdivision from taking any action related to firearms regulation, including instituting civil lawsuits.

Mandamus and its counterpart, prohibition, are extraordinary remedies available in limited circumstances to correct a clear abuse of discretion, where a duty imposed by law has been violated and where there is no adequate remedy by appeal. OCGA §§ 9-6-20, 9-6-40; *Banks v. Benham*, 270 Ga. 91 (510 SE2d 290) (1998). See *Russell v. Evans*, 260 Ga. 754 (2) (400 SE2d 11) (1991). Extraordinary writs are not the proper remedy to seek review of rulings of a trial court, including the denial of a motion to dismiss, as the reviewing court rarely has the authority to interfere with matters committed to the lower court's discretion or to substitute its judgment for that of the lower court. *Banks v. Benham*, supra at 92. Extraordinary writs can only issue when the official act sought to be compelled is purely ministerial, not judicial in nature. Id. As the United States Supreme Court in *Wilbur v. United States*, 281 U. S. 206, 218-219 (50 SC 320, 74 LE2d 809) (1930), opined:

> Where the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary. But where the duty is not thus plainly prescribed but depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus.

(Footnotes omitted.) A complaint that a trial court has failed to analyze or apply the law correctly is not the type of grievance which will support the issuance of an extraordinary writ because this remedy cannot act as a substitute for an appeal. *Self v. Bayneum*, 265 Ga. 14, n. 1 (453 SE2d 27) (1995). "Where there is a right of judicial review of the act of a judicial officer, mandamus is not an available remedy to require him to perform his judicial function in a manner different from the way he has performed it." (Footnote omitted.) *Banks v. Ben-*

*ham*, supra, 270 Ga. at 92. A grievance of this sort must be adjudicated through the statutory appeal process. See OCGA § 5-6-1 et seq. Cf. *Stubbs v. Carpenter*, 271 Ga. 327 (519 SE2d 451) (1999) (mandamus warranted where gross abuse of discretion existed on part of trial court in failing in its responsibility to schedule civil trials). The essence of Smith & Wesson's position in seeking writs of mandamus or prohibition is that State Court Judge Brogdon erred in refusing to dismiss the City's lawsuit in its entirety because the plain and unequivocal words contained in the regulatory statute require it. An alleged error in judgment does not constitute an abuse of discretion on the part of the trial court, nor can a parties' disagreement with a judicial judgment serve as a substitute for an interlocutory or final appeal. Judicial decisions may be characterized as legally sound or woefully weak. But, whatever the method by which decisions are reached and conveyed, they are "judicial decisions not subject to challenge by an action for mandamus [or prohibition]." *Banks v. Benham*, supra, 270 Ga. at 92.

In support of the position that an extraordinary remedy and not an appeal from a final judgment is nonetheless required, appellant Smith & Wesson contends that this case is an exception to the general rule because it does not have an equally convenient, complete and beneficial remedy. See *North Fulton Med. Ctr. v. Stephenson*, 269 Ga. 540, 544-545 (501 SE2d 798) (1998). We disagree. In *North Fulton Med. Ctr.*, because a legal remedy did not exist at the time mandamus was sought, the appellate court was faced with compelling factors which made mandamus, and not direct appeal, the appropriate remedy. In contrast, in this case there were no compelling factors present at the time Smith & Wesson instituted its action in the superior court which made mandamus or prohibition, rather than an appeal, the appropriate remedy. Instead, Smith & Wesson sought to bypass the appeal process by requesting the superior court to issue a writ directing the state court to disregard an order made in the exercise of its discretion. We reject the manner in which Smith & Wesson challenged the unfavorable ruling and find that the superior court did not err when it refused to issue an order in the nature of mandamus or prohibition compelling the state court to dismiss the City's lawsuit.

2. Smith & Wesson and Glock, Inc. urge that the superior court should have rendered a declaratory judgment and injunction prohibiting the continuation of the pending state court action. For essentially the same reasons which underscore our determination that Smith & Wesson was not entitled to have the superior court order the dismissal of the suit in the state court, we find that the trial court did not err in refusing to grant the request for issuance of a declaratory judgment, *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405 (416

SE2d 875) (1992) (there was no controversy which would authorize entry of a declaratory judgment) or injunctive relief, *Holmes v. Board of Commrs.*, 271 Ga. 206 (517 SE2d 788) (1999) (injunction prohibited where appeal serves as adequate remedy), as they were not the proper remedial tools in this case.

3. Relying on *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000), Glock, Inc. presents the alternative argument that even absent a certificate of immediate review, this Court should consider the merits of the interlocutory ruling by the state court and decide whether the City's suit is barred by OCGA § 16-11-184 (b) (2). This Court has clearly stated that in reviewing cases on appeal it will not pass upon questions on which no final ruling has ever been made by the trial judge or where there is no compliance with the requirement of OCGA § 5-6-34 (b) that the trial court certify its order for immediate review.

*Judgments affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in Divisions 1 and 2, and in the judgment.*

FLETCHER, Presiding Justice, concurring.

I reluctantly concur in the holding that the firearms manufacturers, distributors, and trade associations are not entitled to the relief sought in these collateral actions, but write to make clear that this determination does not reach the ultimate issue of whether state law precludes municipalities from maintaining actions like the City of Atlanta's pending suit in the State Court of Fulton County. I believe it does.

Although the State Constitution provides that "[t]he right of the people to keep and bear arms shall not be infringed," it gives the General Assembly the sole power to reasonably regulate this right.[8] Whether this power is delegable is not the issue, as the General Assembly in unambiguous language has reserved that power to the state alone.[9]

Considering that statute, I disagree with the trial court's decision denying a certificate of immediate review in the underlying action. While the trial judge has broad discretion, I question whether that discretion should be absolute when a determination of the issue would more likely than not "be dispositive of the case." In such cases, both the parties and the judicial system would be better served by granting the certificate, thus affording an opportunity for a more

---

[8] Art. 1, Sec. 1, Par. 8; *Landers v. State*, 250 Ga. 501 (299 SE2d 707) (1983); *Carson v. State*, 241 Ga. 622 (247 SE2d 68) (1978); and *Rhodes v. R. G. Industries*, 173 Ga. App. 51 (325 SE2d 465) (1984).

[9] OCGA § 16-11-184.

timely disposition of the case.

I am authorized to state that Justice Sears joins in this concurrence.

DECIDED FEBRUARY 16, 2001.

*Drew, Eckl & Farnham, James M. Poe, Jones, Day, Reavis & Pogue, David J. Bailey, Rogers & Hardin, Richard H. Sinkfield, Tony G. Powers, Kimberly L. Myers, King & Spalding, Richard A. Schneider, William R. Bassett, Jr., Cofer, Beauchamp, Stradley & Hicks, Frank R. Seigel, Smith, Gambrell & Russell, Matthew W. Clarke, David M. Brown, Dennis, Corry & Porter, R. Clay Porter, Alisa W. Terry, Budd, Larner, Gross, Rosenbaum & Greenberg, Timothy A. Bumann,* for Smith & Wesson Corp. et al.

*Susan P. Langford, Willie J. Lovett, Jr., Cheryl D. Cofield, Mills, Moraitakis & Kushel, Nicholas C. Moraitakis, Hezekiah Sistrunk, Jr., Ernest L. Greer,* for City of Atlanta et al.

*Alfred L. Evans, Jr., Senior Assistant Attorney General,* amicus curiae.