S05A0900. FORD MOTOR COMPANY v. LAWRENCE.
(612 SE2d 301)

BENHAM, Justice.

Ford Motor Company appeals from the denial of its petition for a writ of mandamus and/or prohibition in which Ford sought to have the Superior Court of Clarke County rule that a judge of the State Court of Clarke County had violated clear legal duties under Georgia law and had grossly abused his discretion. The state court judge had issued a discovery order requiring Ford to produce documents Ford contended were privileged under the attorney work-product doctrine because they had been prepared in anticipation of litigation and the statutory exception to that privilege had not been met. We affirm the superior court's denial of extraordinary relief and reiterate the precept that mandamus is not a vehicle by which a party may obtain review of a judicial order which is subject to appellate review.

The defendant in the mandamus action filed by Ford is Judge Kent Lawrence of the State Court of Clarke County. In a product liability action brought by intervenor Artumus Gibson, Jr., against Ford, Judge Lawrence conducted an in camera inspection of disputed documents and ordered Ford to give the plaintiffs crash test documents the judge acknowledged had been prepared in anticipation of litigation because the judge determined "the substantial equivalent of the documents can not be obtained by Plaintiffs without undue hardship, and the Plaintiffs have a substantial need for the documents. . . ." See OCGA § 9-11-26 (b) (3). After Judge Lawrence denied Ford's motion for reconsideration and ordered Ford to produce the disputed discovery material, Ford filed in superior court its petition

for a writ of mandamus and/or prohibition. The superior court held a hearing at which plaintiff Gibson was permitted to intervene in the mandamus action. The superior court issued an order denying Ford's application for extraordinary relief after finding "Judge Lawrence has neither violated any legal duties nor grossly abused his discretion. In fact, . . . Judge Lawrence has not abused his discretion whatsoever." Ford filed a direct appeal to this Court from the denial of mandamus relief.[1]

Writs of mandamus and prohibition are extraordinary remedies available in limited circumstances to compel action or inaction on the part of a public officer when there is no other adequate legal remedy. *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431 (1) (543 SE2d 16) (2001); *Henderson v. McVay*, 269 Ga. 7 (1) (494 SE2d 653) (1998). Extraordinary writs are not the proper remedy to seek review of a ruling made by a trial court where there is a right of judicial review of the judge's ruling, because the availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief. *Kappelmeier v. Iannazzone*, 279 Ga. 131 (610 SE2d 60) (2005) (mandamus not available to review judicial decision on motion to recuse judge because there is a right of judicial review); *Smith & Wesson Corp. v. City of Atlanta*, supra, 273 Ga. at 433 (mandamus not available to review judicial denial of motion to dismiss case); *White v. Lumpkin*, 272 Ga. 398 (529 SE2d 879) (2000) (mandamus not available to review judicial decision to deny recusal motion); *Tamaroff v. Cowen*, 270 Ga. 415 (511 SE2d 159) (1999) (mandamus not available to review judicial decision to appoint permanent process servers); *Banks v. Benham*, 270 Ga. 91 (510 SE2d 290) (1998) (mandamus not available to review judicial decision that issues were not properly raised for appellate review); *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998) (mandamus not available to review judicial decision not to recuse trial judge); *Henderson v. McVay*, supra, 269 Ga. at 8

---

[1] Ford filed its petition for writ of mandamus on June 28, 2004. On August 10, 2004, after the mandamus court had denied mandamus relief and the plaintiffs in the underlying tort litigation had filed a motion for sanctions, Ford filed in this Court a motion seeking to stay Judge Lawrence's discovery order and to stay Judge Lawrence's consideration of the motion for sanctions. We denied Ford's motion on August 12. On August 25, Judge Lawrence granted the motion for sanctions, and entered a clarifying order on August 26. Ford filed a notice of appeal from the August 25-26 orders which Judge Lawrence dismissed pursuant to OCGA § 5-6-48 (b) (2). In his September 1 order, Judge Lawrence invited Ford to seek appellate review by applying for supersedeas pursuant to Rule 40 (b) of the Rules of the Court of Appeals. Judge Lawrence dismissed a second notice of appeal filed by Ford and Ford then filed a petition for supersedeas in the Court of Appeals. On September 7, the Court of Appeals issued an order granting the petition for supersedeas of Judge Lawrence's orders dismissing Ford's notices of appeal "[b]ecause it appears that the August 25, 2004 order of [Judge Lawrence] . . . constitutes (in addition to a discovery sanction) a contempt order or ruling, as contemplated by *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77 (485 SE2d 525) (1997). . . ." As of April 15, 2005, that appeal has not been docketed in the Court of Appeals.

(mandamus not available to review judicial failure to probate will in common form); *VanAlstine v. Roach*, 265 Ga. 820, 821 (461 SE2d 539) (1995) (mandamus not available to require judge to rule on post-conviction motions filed pro se by defendant represented by counsel); *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995) (mandamus not available to review judicial decision that judgment entered conformed to the jury verdict); *Rossi v. Price*, 237 Ga. 651, 652 (229 SE2d 429) (1976) (mandamus not available to review judicial decision denying petition to vacate order committing juvenile to custody); *Barksdale v. Cobb*, 16 Ga. 13 (1854) (mandamus not available to review refusal of the Ordinary to grant letters of administration pendente lite). See also OCGA § 9-6-20 ("[T]he writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights.").

In each of the foregoing cases, this Court ruled that the mandamus court had properly denied mandamus relief seeking to compel judicial action different from the judicial action taken because, in each case, the judicial action complained of was subject to appellate review, whether it be by means of the interlocutory application procedure or by pursuing the issue in the context of an appeal from an adverse final judgment. *White v. Lumpkin*, supra, 272 Ga. 398; *Chandler v. Davis*, supra, 269 Ga. at 728. Compare *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003) (mandamus available to compel juvenile court judge to exercise clear legal duty of filing a written order memorializing oral ruling to deny filing of a petition because unwritten, unfiled order could not be appealed); and *Stubbs v. Carpenter*, 271 Ga. 327 (519 SE2d 451) (1999) (mandamus available to compel state court judge to conduct civil trials since there is no specific legal remedy that would provide for the resumption of civil trials in the state court). In the case at bar, Ford seeks mandamus to compel the state court judge to take judicial action on the discovery issue that differs from the judicial action the state court judge has taken on the issue. Because the state court's decision on the discovery matter is a judicial action which can be reviewed in the context of a direct appeal from an adverse final judgment, reversal of the judicial order must be obtained pursuant to the available method of obtaining appellate review rather than by writ of mandamus. *White v. Lumpkin*, supra, 272 Ga. 398; *Chandler v. Davis*, supra, 269 Ga. at 728.

Ford suggests our decision in *Carey Canada, Inc. v. Head*, 252 Ga. 23 (310 SE2d 895) (1984), impliedly sanctioned the use of a writ of prohibition when a litigant disagrees with a trial court's ruling on a discovery matter. In *Carey Canada*, this Court dismissed for lack of jurisdiction the litigant's petition for writ of prohibition filed in this Court, ruling that such petitions were to be filed in the superior courts, which "have the power, in proper cases, to issue process in the

nature of mandamus, prohibition. . . ." See *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983) (original petitions for mandamus to be filed in superior court and not Supreme Court of Georgia). Since our opinion in *Carey Canada* dealt only with jurisdictional matters and the question of the propriety of the remedy sought by the litigant was not ruled on, the opinion should not be read as authority supporting the propriety of the remedy. See *Heard v. State*, 274 Ga. 196 (1) (552 SE2d 818) (2001).

Citing *North Fulton Med. Center v. Stephenson*, 269 Ga. 540, 545 (501 SE2d 798) (1998) (*North Fulton III*), Ford maintains its effort to seek mandamus relief was timely because no review of Judge Lawrence's decision was available when Ford filed its mandamus petition. In *North Fulton III*, the trial court had denied North Fulton's mandamus petition on the morning of the trial on the petition because the ability to file a petition for declaratory judgment existed since, a day earlier, the State Health Planning Agency had enacted a new rule purportedly applicable to the issue raised by North Fulton. This Court noted that the declaratory judgment remedy had not existed at the time North Fulton had filed its petition for writ of mandamus and requiring North Fulton to pursue declaratory judgment in lieu of mandamus would " 'condone the inherently unfair practices . . . which the SHPA employed here.' [Cit.]" Id. In contrast, in the case at bar, the ability to file an appeal from the entry of an adverse final judgment existed at the time Ford filed its petition for mandamus.

Ford has obtained access to interlocutory appellate review, despite the trial court having declined to issue a certificate of immediate review, by the grant of supersedeas by the Court of Appeals (see footnote 1, supra) and, like all litigants, Ford has the right to appeal upon the entry of an adverse final judgment. Since Ford has methods of obtaining appellate review, the extraordinary writ of mandamus is not available, and the superior court did not err when it denied mandamus relief to Ford.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Watson, Spence, Lowe & Chambless, Frank F. Middleton IV, McKenna, Long & Aldridge, Charles K. Reed, James B. Manley, Jr., Jill C. Kuhn, Sutherland, Asbill & Brennan, William D. Barwick, Deborah M. Danzig, Carla W. McMillian, for appellant.*

*Butler, Wooten, Fryhofer, Daugherty & Crawford, James E. Butler, Jr., George W. Fryhofer, Jr., Gregory R. Feagle, Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Moore, Ingram, Johnson & Steele, Alexander T. Galloway III, Begnaud & Marshall,*

*Andrew H. Marshall, William C. Berryman, Jr.,* for appellee.