S12A0869. GILBERT v. PRIDGEN et al.
(728 SE2d 548)

THOMPSON, Justice.

This is an appeal from an order denying filing of a petition for writ of mandamus. For the reasons that follow, we affirm.

Appellant Elisha Gilbert sought to file a petition for mandamus in Dooly County Superior Court to compel appellees, judges of that court, to dismiss his citation for speeding, to recuse one of them from reviewing his pleading, and to "impeach" certain of them due to alleged misconduct.

Pursuant to OCGA § 9-6-20, a writ of mandamus "may issue to compel a due performance if there is no other specific legal remedy for the legal rights." Extraordinary writs like the writ of mandamus, therefore, "are not the proper remedy to seek review of a ruling made by a trial court where there is a right of judicial review of the judge's ruling, because the availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief." *Ford Motor Co. v. Lawrence,* 279 Ga. 284, 285 (612 SE2d 301) (2005). In the present case, the court entered its final judgment on the traffic citation charging appellant with speeding in violation of OCGA § 40-6-181 (b), and reversal of that adverse final judgment must be obtained by one of the available methods of obtaining appellate review and not by writ of mandamus. See id. (mandamus not a vehicle by which party may obtain review of judicial order which is subject to appellate review). See also *Smith & Wesson Corp. v. City of Atlanta,* 273 Ga. 431, 433 (543 SE2d 16) (2001); *Hayes v. Brown,* 205 Ga. 234, 237 (52 SE2d 862) (1949). Similarly, writs of mandamus are not the proper remedy to seek recusal of a judge where, as in this case, no motion to recuse has been filed or there has been no impeachment of a judicial officer. See OCGA § 9-6-20 ("no writ of mandamus to compel the removal of a judge shall issue where no motion to recuse has been filed, if such motion is available"); Ga. Const., Art. III, Sec. VII, Par. I (House of Representatives shall have sole power to vote impeachment charges against judicial officers of this state).

"Mandamus is an extraordinary remedy" which is available only if the petitioner can show a clear legal right to the relief sought.

*Mid-Ga. Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 672-673 (2) (594 SE2d 344) (2004). Because appellant failed to carry his burden and his petition shows on its face "such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading," we conclude the trial court did not err by denying filing of the petition. OCGA § 9-15-2 (d).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

Elisha Gilbert, Jr., *pro se.*
*Denise D. Fachini, District Attorney*, for appellees.