**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 10, 2020**

# In the Court of Appeals of Georgia

A20A0264. SCHAEFFER v. KEARNEY.                    HO-009

HODGES, Judge.

Donald Schaeffer, in his capacity as chief judge of the Municipal Court of Sandy Springs, filed the instant appeal[1] after the Superior Court of Fulton County granted Marieo Kearney's petition for a writ of mandamus directing that Kearney's misdemeanor citations be bound over to the State Court of Fulton County for a jury trial. For the reasons that follow, we reverse.

The parties' appellate briefs aver that Kearney was charged with three violations of the City of Sandy Springs municipal code: disorderly conduct-

---

[1] Schaeffer initially filed this appeal with the Supreme Court of Georgia, which transferred the matter to us. The Court of Appeals has appellate jurisdiction over "[a]ll cases involving extraordinary remedies" except cases involving issues related to a death sentence. OCGA § 15-3-3.1 (a) (4).

marijuana; disorderly conduct-obstruction; and loitering and prowling. The criminal citations are not in the appellate record. On appeal, Kearney asserts that at a municipal court hearing, he asked that his citations be bound over to state court; after the matter was continued, he filed a motion raising his right to a jury trial and again asking that the case be bound over. He contends that instead of filing a responsive brief, the city solicitor dismissed the obstruction charge. No transcript of the hearing to which Kearney refers appears in the record. The record also does not contain the motion or any dismissal or amendment of the charges. The parties both aver that the municipal court denied Kearney's motion.[2] That denial is not in the appellate record.

Kearney then petitioned for mandamus in the Superior Court of Fulton County. The superior court granted the petition, reasoning that there was a surviving municipal citation for disorderly conduct-marijuana governed by OCGA § 36-32-6 (c), which provides that "[a]ny defendant charged with possession of an ounce or less of marijuana in a municipal court shall be entitled on request to have the case against him or her transferred to the court having general misdemeanor jurisdiction in the county wherein the alleged offense occurred." Schaeffer appealed, arguing that the grant of the writ of mandamus was error because Kearney had another legal remedy

---

[2] A different municipal court judge, not the appellant herein, issued that denial.

2

available, specifically, a writ of certiorari to the superior court. See OCGA § 5-4-3 (a party to a case in any inferior judicatory may petition for a writ of certiorari by petition to the superior court for the county where the case was tried).

OCGA § 5-4-1 (a) provides, in relevant part, that "[t]he writ of certiorari *shall lie* for the correction of errors committed by any inferior judicatory or any person exercising judicial powers[.]" (Emphasis supplied.) While a writ of mandamus may issue to compel a public official to perform a clear legal duty, this is true only if no other specific legal remedy is available and only if the petitioner has a clear legal right to the relief sought. OCGA § 9-6-20; *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). "To preclude mandamus, an alternative legal remedy must be equally convenient, complete and beneficial to the petitioner. Thus, for example, *where a litigant seeks to compel some action that could be obtained by pursuing certiorari in superior court . . . mandamus will not lie*. (Citations omitted; emphasis supplied.) *Blalock v. Cartwright*, 300 Ga. 884, 885-886 (II) (799 SE2d 225) (2017).

The right that Kearney sought to vindicate through his mandamus petition was to have his case bound over to state court for a jury trial. Schaeffer disputed below whether the municipal charge at issue amounted to a charge of possession of

3

marijuana less than an ounce triggering state court jurisdiction. The trial court, citing *Marshall v. City of Griffin*, 173 Ga. 782 (161 SE 622) (1931) for the proposition that the character of an offense is determined by the factual allegations in the accusation rather than the nomenclature of the offense, reasoned that Kearney's disorderly conduct-marijuana citation amounted to a charge of possession of marijuana less than an ounce, triggering OCGA § 36-32-6 (c).

1. Schaeffer challenges the grant of the writ of mandamus to Kearney, arguing that mandamus is not an allowable remedy because the opportunity for review via a writ of certiorari exists. We agree. Indeed, "mandamus *is not* a vehicle by which a party may obtain review of a judicial order which is subject to appellate review." (Emphasis supplied.) *Ford Motor Co. v. Lawrence*, 279 Ga. 284 (612 SE2d 301) (2005). See generally id. at 285-286 (collecting cases where mandamus was and was not appropriate).

In the instant case, Kearney could have sought review through a writ of certiorari to the superior court, as outlined in OCGA § 5-4-1 (a). It is well-settled that certiorari is an appropriate remedy for the correction of errors in decisions by municipal courts rendered in the exercise of their judicial powers, but is not appropriate to decisions rendered in the exercise of legislative, executive, or

4

ministerial functions. *Smith & Wesson Corp. v. City of Altanta*, 273 Ga. 431, 433-434 (1) (543 SE2d 16) (2001); *City of Cedartown v. Pickett*, 193 Ga. 840, 842 (1) (20 SE2d 263) (1942). While Kearney essentially contends that the municipal court's duty under OCGA § 36-32-6 (c) is so plain as to amount to a ministerial duty, we cannot agree. A ministerial act is "simple, absolute, and definite . . . requiring merely the execution of a specific duty" whereas a discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed[.]" (Citation omitted.) *Banks v. Benham*, 270 Ga 91, 92 (510 SE2d 290) (1998), overruled on other grounds by *Clark v. Hunstein*, 291 Ga. 646, 649 (2), n. 3 (733 SE2d 259) (2012). In examining the municipal citation and the factual allegations upon which it was based in order to determine whether the charges should be bound over pursuant to OCGA § 36-32-6 (c), the municipal court was required to exercise its "judgment or discretion." *Smith & Wesson Corp.*, 273 Ga. at 433 (1) (where the court's duty "depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus") (citation omitted).

5

A complaint that a [municipal] court has failed to analyze or apply the law correctly is not the type of grievance which will support the issuance of an extraordinary writ because this remedy cannot act as a substitute for an appeal [or writ of certiorari]. . . . An alleged error in judgment does not constitute an abuse of discretion on the part of the [municipal] court[.] . . . Judicial decisions may be characterized as legally sound or woefully weak. But, whatever the method by which decisions are reached and conveyed, they are judicial decisions not subject to challenge by an action for mandamus[].

(Citation and punctuation omitted.) *Smith & Wesson Corp.*, 273 Ga. at 433-434 (1).

2. Because of our decision in Division 1, we need not consider Schaeffer's remaining contention of error.

*Judgment reversed. McFadden, C. J., and Doyle, P. J., concur*.