## S00A0538. SACCO v. STATE COURT OF DeKALB COUNTY.
(528 SE2d 514)

FLETCHER, Presiding Justice.

The issue in this appeal is whether Philip Paul Sacco is entitled to a writ of prohibition against the State Court of DeKalb County. Because he has an adequate legal remedy in his criminal case, we affirm the superior court's decision that Sacco is not entitled to the writ.

Police issued Sacco a uniform traffic citation for driving an unregistered vehicle and driving without a driver's license. He made a limited appearance in state court for the sole purpose of challenging the court's jurisdiction. He argues that he is not a state resident, driver, or operator of a motor vehicle; is not engaged in traffic or commerce; and does not exercise any privilege that the state may regulate. The state court rejected these arguments, denied a certificate of immediate review, and set the case down for a hearing. Sacco then sought a bill of particulars and filed a petition for writ of prohibition in superior court. The superior court denied the petition, and Sacco appeals.

The writ of prohibition is available to restrain courts from exceeding their jurisdiction when no other legal remedy is available.[1] Like the writ of mandamus, the writ of prohibition "is to aid the appellate process by directing a court or judge to take, or refrain from taking, certain actions" that cannot be remedied on appeal.[2] Generally the writ of prohibition is not available for the relief of grievances that may be redressed in the ordinary course of judicial proceedings.[3]

In the underlying criminal case, the county has accused Sacco of violating traffic laws, and he has challenged the jurisdiction of the state court to try him on those charges. All the issues that he raises in this civil case are issues that he may raise or has raised in his criminal case. If he is convicted, Sacco may raise the issues again on

[1] OCGA § 9-6-40.

[2] *Carey Canada, Inc. v. Head,* 252 Ga. 23 (310 SE2d 895) (1984).

[3] *Shantha v. Municipal Court of City of Atlanta,* 240 Ga. 280 (240 SE2d 32) (1977).

appeal. Since Sacco's claims of lack of jurisdiction can be addressed in his criminal case, we hold that Sacco has an adequate legal remedy and, therefore, is not entitled to a writ of prohibition.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 2000.

Philip P. Sacco, *pro se.*

*Jonathan A. Weintraub, Joan F. Roach, Howard W. Indermark,* for appellee.