## S04A1965. GORDON v. WHITWELL.
### (607 SE2d 542)

THOMPSON, Justice.

This case is before the Court from an order dismissing a petition for a writ of prohibition brought by appellant Cathy Gordon against appellee Monroe County Juvenile Judge Sharon Whitwell. Because the trial court was correct in ruling that the writ does not lie, we affirm.

Based on allegations of mental instability, child neglect and abuse, a protective order was issued by Judge Whitwell on her own motion, placing Cathy Gordon's three minor children in the protective custody of their maternal grandfather, and enjoining Gordon from further contact with the children.

After an evidentiary hearing, Judge Whitwell returned legal custody of the three children to Gordon; ordered that the eldest child, "E. W.," (then 16 years old) remain in the physical custody of his

---

grandfather; and ordered the Monroe County Department of Family and Children Services to file "a juvenile complaint." In addition, Judge Whitwell imposed certain restrictions on E. W., and set forth a case plan requiring specific action by Gordon and other family members.

As a result of evidence adduced at a second hearing, Judge Whitwell again modified the protective order, leaving the previous custody provisions intact, but requiring Gordon to turn over certain personal property to E. W.

The parties are in agreement that the pending cases were dismissed at the request of DFCS. Thereafter, Judge Whitwell appointed a guardian ad litem for E. W., and scheduled a hearing to determine E. W.'s status. The guardian ad litem filed a deprivation petition, alleging that E. W. is deprived when in the custody of his mother, and seeking an order allowing him to remain in the custody of his grandfather.

Gordon responded with a petition for writ of prohibition in superior court, and for recusal of Judge Whitwell. The petition alleged that Judge Whitwell exceeded her judicial authority by proceeding with the hearings and issuing the protective orders in the three initial cases without complying with applicable provisions of the Juvenile Code. However, when it became apparent that those cases had been dismissed, Gordon amended her petition for writ of prohibition to address the new action filed by the guardian ad litem. The amended petition alleged that the guardian ad litem made no independent investigation of the facts asserted in her petition; and that Judge Whitwell misused the juvenile court system by issuing an order based on an unverified petition.

Judge Whitwell filed a motion to dismiss, or for judgment on the pleadings, asserting that Gordon failed to pursue available legal remedies, and that the issuance of the writ would be fruitless because the juvenile court matter had been dismissed. At a hearing in superior court, Gordon acknowledged that all issues as to the original cases had been resolved, but she argued that the amendment to the petition is "really a continuation of the initial proceeding." The trial court dismissed the petition on the basis that Gordon failed to exhaust other available remedies.

The writ of prohibition is available to restrain courts from exceeding their jurisdiction when no other legal remedy is available. Like the writ of mandamus, the writ of prohibition "is to aid the appellate process by directing a court or judge to take, or refrain from taking, certain actions" that cannot be remedied on appeal. Generally the writ of prohibition is not available for the relief of grievances that

may be redressed in the ordinary course of judicial proceedings.

(Footnotes omitted.) *Sacco v. State Court of DeKalb County*, 272 Ga. 214 (528 SE2d 514) (2000). See also OCGA § 9-6-40.

Gordon's petition alleges that Judge Whitwell lacked jurisdiction to enter the protective orders in the underlying case because she failed to follow certain requirements of the Juvenile Code prior to commencing the proceedings. As discussed in *In re R. D. F.*, 266 Ga. 294 (1) (466 SE2d 572) (1996), an allegation of noncompliance with the juvenile code is a matter properly brought to the appropriate appellate court for review. Although Gordon could have exercised available legal remedies to challenge the juvenile court orders, she elected instead to seek a writ of prohibition. Dismissal of a writ of prohibition is authorized if the court has ascertained that the petitioner was not deprived of all legal remedies. *Jackson v. Calhoun*, 156 Ga. 756 (120 SE 114) (1923). Accordingly, the superior court was authorized to conclude that the allegations of Gordon's petition afforded no basis for the application of the writ.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Sinnreich & Francisco, Elizabeth R. Francisco, John R. Francisco*, for appellant.

*Fears, Lawrence & Turner, Kenneth G. Lawrence, Douglas R. Ballard, Jr.*, for appellee.