## S05A0391. KAPPELMEIER v. IANNAZZONE.
### (610 SE2d 60)

THOMPSON, Justice.

This is an appeal from an order dismissing a petition for a writ of mandamus. Finding no error, we affirm.

Respondent, Judge Joseph C. Iannazzone, presided over a dispossessory proceeding which Household Realty Corporation brought against petitioner, Gottfried A. Kappelmeier, in the State Court of Gwinnett County. The judge ruled against Kappelmeier, granting Household Realty's motion for summary judgment. The Court of Appeals affirmed. *Kappelmeier v. Household Realty Corp.*, 265 Ga. App. 564 (595 SE2d 81) (2004). Thereafter, Kappelmeier sought a writ of possession against Household Realty. Judge Iannazzone, who was also assigned to sit on that case, granted Household Realty's motion to dismiss. In the meantime, Kappelmeier filed numerous motions, including motions to recuse Judge Iannazzone, all of which were denied.

Kappelmeier then filed this mandamus action against Judge Iannazzone, seeking an order directing the judge to recuse himself, and to vacate orders which the judge had entered, in the Household Realty cases. The superior court refused to grant a mandamus nisi and dismissed Kappelmeier's petition. This appeal followed.

1. A direct appeal lies from the refusal of the superior court to grant a mandamus nisi. OCGA § 9-6-28.

2. The superior court did not err in refusing to grant a mandamus nisi and dismissing the petition. Where, as here, "there is a right of judicial review of the act of a judicial officer, mandamus is not an available remedy to require him to perform his judicial function in a

manner different from the way he has performed it. [Cits.]" *Rossi v. Price*, 237 Ga. 651, 652 (229 SE2d 429) (1976).

3. It was not incumbent upon the superior court to render findings of fact and conclusions of law in dismissing the petition for mandamus. See *Walker v. Walker*, 238 Ga. 273 (232 SE2d 554) (1977) (findings and conclusions are unnecessary in deciding motions to dismiss, summary judgment, or other motions except as provided in OCGA § 9-11-41 (b)); OCGA § 9-11-52 (a) (upon request of party, courts shall make findings and conclusions in ruling on interlocutory injunctions and nonjury trials).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

Gottfried A. Kappelmeier, *pro se.*

*Karen G. Thomas, Melinda K. Wells, Kristina H. Blum, Theresa A. Cox*, for appellee.