S05A1292, S05A1293. KAPPELMEIER v. WINEGARDEN (two cases).
(621 SE2d 452)

THOMPSON, Justice.

Gottfried A. Kappelmeier brought this mandamus action against Judge Richard T. Winegarden, seeking an order directing the judge to vacate the judgment he entered against Kappelmeier in another case. Judge Winegarden moved to dismiss the petition and Judge Debra K. Turner granted the motion. Three weeks later, Kappelmeier filed an "emergency motion" to recuse Judge Turner. The motion was denied and Kappelmeier appealed. We find no error and affirm.

1. An extraordinary writ, such as a writ of mandamus, does not lie to compel a judge to vacate an order or judgment where there is a right to judicial review of the judge's ruling. *Ford Motor Co. v. Lawrence*, 279 Ga. 284, 285 (612 SE2d 301) (2005); *Kappelmeier v. Iannazzone*, 279 Ga. 131 (2) (610 SE2d 60) (2005). It follows that the superior court did not err in dismissing the petition and refusing to grant a mandamus nisi.

2. The superior court was not required to render findings of fact and conclusions of law in dismissing the petition for mandamus. *Kappelmeier v. Iannazzone*, supra at 132 (3).

3. Kappelmeier contends Judge Turner erred in denying the motion to recuse without referring the matter to another judge for a hearing. We disagree. "When a motion to recuse is [presented, the judge can rule on] the timeliness of the motion and the legal sufficiency of the affidavit," *Birt v. State*, 256 Ga. 483, 484 (1) (350 SE2d 241) (1986), and, "it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." (Citation and punctuation omitted.) *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998).

Uniform Superior Court Rule 25.1 requires that a motion to recuse be filed within five days after first learning of the facts for recusal, and not later than ten days before a hearing or trial, unless good cause is shown for the failure to meet the time requirements. In this case, the motion was untimely because it was filed three weeks after Judge Turner ruled on the motion to dismiss and Kappelmeier offered no reason for the delay. Moreover, the motion was not supported by facts which would lead a reasonable person to conclude that Judge Turner harbored a bias, which stemmed from an extrajudicial source, and which interfered with an impartial judgment. See *Berry v. State*, 267 Ga. 605, 607 (3) (481 SE2d 203) (1997); *McBride v. State*, 213 Ga. App. 857, 859 (4) (446 SE2d 193) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005 —
RECONSIDERATION DENIED NOVEMBER 21, 2005.

Gottfried A. Kappelmeier, *pro se.*

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Kristin L. Miller, Assistant Attorneys General,* for appellee.