S16A1372, S16A1373, S16A1393. DAKER v. THE STATE
(three cases).
(792 SE2d 382)

PER CURIAM.

Following a jury trial, Waseem Daker was found guilty of the malice murder of Karmen Smith, the felony murder of Karmen Smith, burglary, the false imprisonment of Karmen Smith, aggravated assault of Karmen Smith, aggravated battery of Nick Smith, and criminal attempt to commit aggravated stalking of Loretta Spencer Blatz. Daker, acting pro se, appeals, contending that the trial court treated him unfairly, that the trial court erred by denying several of Daker's motions to recuse, and that this Court's Rule 20 is unconstitutional.[1] We affirm.

1. As an initial matter, in each of his notices of appeal, Daker requested that all transcripts and supporting evidence be omitted from the record on appeal. In Case No. S16A1372, Daker's notice of appeal refers only to the trial court's "September 26, 2014 order denying defendant's eighteenth motion to recuse." In Case No. S16A1373, Daker's notice of appeal refers only to the trial court's "October 14, 2014 order granting State's motion to complete the record on appeal" with all transcripts and evidence. The grant of this motion, however, applies to a *prior* attempted appeal by Daker before this Court and addresses the notices of appeal relating to that *prior* appeal. It predates and does not address Daker's *current* notices of appeal, which create a new appeal for our consideration following the remand of his case on January 29, 2015. Indeed, in the order remanding that case, we instructed Daker that he would be required to file a new

---

[1] On April 1, 2010, Daker was indicted for the malice murder of Karmen Smith, four counts of felony murder of Karmen Smith, two counts of burglary, false imprisonment of Karmen Smith, aggravated assault of Karmen Smith, aggravated battery of Nick Smith, and criminal attempt to commit aggravated stalking of Loretta Spencer Blatz. Following a jury trial ending on September 28, 2012, Daker was found guilty of all charges. Daker was sentenced to life imprisonment for the malice murder of Karmen Smith, twenty years for one count of burglary to run consecutive to the murder count, five years for false imprisonment to run consecutive to the burglary count, twenty years for the aggravated battery of Nick Smith to run consecutive to the false imprisonment count, and two-and-a-half years for criminal attempt to commit aggravated stalking to run consecutive to the aggravated battery count. The convictions for felony murder were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and all remaining charges were merged for purposes of sentencing. On October 1, 2012, Daker filed a motion for new trial, and amended it multiple times. The trial court denied Daker's motion for new trial on October 30, 2013. Daker filed a timely notice of appeal on November 26, 2013; however, his case was remanded to the trial court for the consideration of certain unanswered issues on January 29, 2015, with the direction that Daker could seek his appeal in this Court after those issues had been decided. In accordance with this Court's remand, the trial court entered an order on the unanswered issues on August 26, 2015. Thereafter, Daker filed three timely notices of appeal in this Court, and his appeals, consolidated for review, were assigned to the April 2016 term of this Court.

notice of appeal following the consideration of certain issues by the trial court. At best, therefore, this notice of appeal raises a moot issue. In Case No. S16A1393, Daker's notice of appeal refers only to the trial court's "August 2015 order denying his motions to disqualify the Cobb County District Attorney's Office." In each of these notices, Daker requests that the trial court's order be included in the record on appeal, but he explicitly requests that all other evidence and transcripts be omitted. Therefore, as Daker requested, the record in the three consolidated appeals now before this Court omits all transcripts.[2]

> In murder cases, we usually consider the legal sufficiency of the evidence, even in cases in which the defendant does not dispute that the evidence is sufficient to sustain [his] convictions. But in this case, [Daker] directed the clerk of the trial court to omit all of the pretrial and trial transcripts from the record on appeal . . . . Without the trial transcripts, we cannot adhere to our usual practice, see *Okeke v. State*, 272 Ga. App. 529 (613 SE2d 125) (2005), and we decide nothing about the legal sufficiency of the evidence in this case.

*Smith v. State*, 295 Ga. 120 n. 1 (757 SE2d 865) (2014).

> The absence of the trial transcript makes it impossible for this Court to review [Daker's] enumerations of error concerning the . . . rulings below. "It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review." (Citation and punctuation omitted.) *Farris v. State*, 236 Ga. App. 241 (511 SE2d 601) (1999).

*Okeke*, supra. Therefore, with regard to Daker's four enumerations regarding the trial court's alleged bias and alleged comments on the evidence, Daker has not properly presented anything for this Court to review. *Smith*, supra.

2. Daker contends that this Court's Rule 20, which imposes a 50-page limit on an appellant's brief in a non-death penalty appeal of a criminal case, is unconstitutional. Daker's contention in this regard is baseless.

---

[2] We also note that Daker does not raise any enumerations of error regarding any of the three orders named in his notices of appeal.

As the Court of Appeals has recognized, "requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." (Citation and punctuation omitted.) *McCrary v. State*, 274 Ga. App. 5 (616 SE2d 222) (2005). And, as other jurisdictions have recognized, "[t]o function with any sort of efficiency, a court must control the cases before it." *Watts v. Thompson*, 116 F3d 220, 224 (7th Cir. 1997). Page limits, therefore, benefit both the parties who file briefs and the courts which must consider them.

Contrary to Daker's arguments, due process and equal protection do not require this Court to allow him to file a brief of any length he wishes.[3]

> Both the United States and Georgia Constitutions provide that the State shall deprive no person of "life, liberty, or property, without due process of law." United States Const., Amend. XIV, Sec. 1; Art. I, Sec. I, Par. I of the Constitution of the State of Georgia (1983). "The fundamental idea of due process is notice and an opportunity to be heard." *Nix v. Long Mtn. Resources*, 262 Ga. 506, 509 (422 SE2d 195) (1992). It does not, however, guarantee "a particular form or method of state procedure. [Cit.]" Id.

*Padidham v. State*, 291 Ga. 99, 101 (2) (728 SE2d 175) (2012). "Federal courts have routinely dismissed due process challenges based on page limits. See, e.g., *Watts v. Thompson*, [supra] (finding no due process violation because '(e)nforcing page limits and other restrictions on litigants is rather ordinary practice')." *May v. Shinseki*, 544 Fed. Appx. 1002, 1005 (Fed. Cir. 2013). Here, Daker has been given a full opportunity to be heard in a manner that allows his claims to be fairly and efficiently considered. As such, he has not been denied due process. *Padidham*, supra. Likewise, the page limits imposed upon Daker are the same limits imposed on all criminal appellants who bring an action to this Court, and there is no equal protection violation in which similar classes are treated similarly. See, e.g., *Harper v. State of Ga.*, 292 Ga. 557, 560 (1) (738 SE2d 584) (2013) (the claimant must establish that he is similarly situated to members of

---

[3] In fact, Daker initially attempted to file a brief containing approximately 1,000 pages in addition to hundreds of enumerations of error.

the class who are treated differently from him).[4] Therefore, Daker's contentions that Rule 20 of this Court is unconstitutional have no merit.

3. In three related enumerations of error, Daker contends that the trial court erred by denying some of his numerous motions for recusal.[5] Specifically, Daker focuses on his first and second motions to recuse.[6] Daker's enumerations have no merit.

The record shows that Daker filed a motion for writ of mandamus against all the judges of the Cobb County Superior Court, including Judge Mary Staley. Among other things, Daker contended that he had not been given a timely bond hearing. Later, after his criminal trial was assigned to Judge Staley, Daker filed his first motion to recuse her. With this motion, Daker filed a personal affidavit in which he broadly claimed that his prior motion placed Judge Staley in a position of bias. Daker provided no specific facts to support this claim. Instead, his affidavit presented his own speculations of bias, at best. In general,

> [a] motion to recuse must be filed "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification," unless the movant shows "good cause" for failing to meet the time requirements. Uniform Superior Court Rule 25.1. Once a motion to recuse is filed with the trial judge whose recusal is sought, that judge must make three threshold determinations regarding the legal sufficiency of the motion: whether it was timely filed; whether the affidavit made in support of it, see USCR 25.1, 25.2, is legally sufficient; and whether, if some or all of the facts set forth in the affidavit are true, recusal would be authorized. See USCR

---

[4] If a defendant raises challenges based upon the Equal Protection Clauses of both the State and Federal Constitutions, "because the protection provided in the Equal Protection Clause of the United States Constitution is coextensive with that provided in Art. I, Sec. I, Par. II of the Georgia Constitution of 1983, we apply them as one." (Citation and punctuation omitted.) *Fair v. State*, 288 Ga. 244, 246 (1) (A) (702 SE2d 420) (2010).

[5] Uniform Superior Court Rule (USCR) 25.3 does not direct a trial court to hold an evidentiary hearing to decide the legal question whether a motion to recuse meets the threshold requirements of USCR 25.3. See *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 116, 119 (728 SE2d 189) (2012) (holding that the threshold requirements of USCR 25.3 "present questions of law, for which the appropriate standard of review is de novo").

[6] Although Daker also enumerates that the trial court erred by denying a motion to reconsider its rulings on his first, second, and fifth motions to recuse, Daker fails to provide any argument or citations to the record in support of this contention. It is thereby abandoned. Even if preserved, however, it lacks merit.

25.3; *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, [supra, 291 Ga. at 119]. If all three of these conditions are met, the trial court must refer the motion to "another judge . . . to hear the motion to recuse." USCR 25.3. If any one of the conditions is not met, the trial court does not err in denying the motion. See id.; *Henderson v. McVay*, 269 Ga. 7 (2) (494 SE2d 653) (1998).

*Henderson v. State*, 295 Ga. 333, 334 (1) (759 SE2d 827) (2014).

Even if Daker's motion could be considered timely, his supporting affidavit fails to factually support any bias from an extrajudicial source. Therefore, Daker's first motion to recuse is infirm and untenable. See *Patel v. State of Ga.*, 289 Ga. 479, 486-487 (5) (713 SE2d 381) (2011) (holding that a judicial ruling adverse to a party is not disqualifying, since for an alleged bias to be disqualifying, it " 'must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case' " (citation omitted)). Here, Daker's

> motion was not supported by facts which would lead a reasonable person to conclude that Judge [Staley] harbored a bias, which stemmed from an extrajudicial source, and which interfered with an impartial judgment. See *Berry v. State*, 267 Ga. 605, 607 (3) (481 SE2d 203) (1997); *McBride v. State*, 213 Ga. App. 857, 859 (4) (446 SE2d 193) (1994).

*Kappelmeier v. Winegarden*, 279 Ga. 874 (3) (621 SE2d 452) (2005). As such, the trial court did not err by determining Daker's first motion to recuse to be legally insufficient.[7]

Daker filed a second motion to recuse after filing a motion for mandamus to compel state authorities to provide him with access to a law library. As with his first motion to recuse, Daker made a number of unsupported claims that his filing of the motion for library access caused Judge Staley to be subject to extrajudicial bias. Daker's rampant supposition does not provide appropriate support for a

---

[7] In a related enumeration, Daker argues that the trial court erred by appointing counsel to protect his interests while the first motion to recuse was pending. Daker sums up his argument by stating that "Judge Staley intentionally hand-picked a lawyer who would provide [ineffective assistance of counsel] in retaliation against [him] for his mandamus petition and/or motion to recuse." Again, Daker's argument is prefaced on unsupported supposition and conspiracy, and he has provided no cogent legal argument to indicate that Judge Staley erred in her attempts to ensure that Daker had adequate and competent legal representation.

motion to recuse simply because he recited it in the form of an affidavit. Therefore, his second motion to recuse was properly deemed legally insufficient. Id.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 2016 —
RECONSIDERATION DENIED NOVEMBER 2, 2016.

Waseem A. Daker, *pro se.*

D. Victor Reynolds, *District Attorney, Jesse D. Evans, Michael S. Carlson, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.*