# Court of Appeals
# of the State of Georgia

ATLANTA,  June 07, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0370. WASEEM DAKER v. SCOTT HALPERIN et al.

Following a trial at which he represented himself, Waseem Daker was convicted of malice murder and other crimes. Daker filed a pro se appeal, and the Supreme Court of Georgia affirmed his convictions. *Daker v. State*, 300 Ga. 74 (792 SE2d 382) (2016). Later, however, the Supreme Court concluded that Daker had been denied his right to appellate counsel, and it remanded the case so that his "post-conviction process [could] start anew." *Allen v. Daker*, 311 Ga. 485, 505 (4) (858 SE2d 731) (2021). Counsel has been appointed to represent Daker in that process, but he is dissatisfied with their representation. Daker filed two petitions for mandamus in the superior court — one seeking to compel the Circuit Defender of Cobb County to appoint replacement counsel to represent him, and another seeking to compel the judge in his murder case to hold a hearing regarding his representation. The superior court denied the filing of both petitions, and Daker seeks discretionary review of those denials in this Court. We, however, lack jurisdiction.

The Supreme Court of Georgia has appellate jurisdiction over "[a]ll cases in which a sentence of death was imposed or could be imposed." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8). Because a penalty of death may be imposed for the crime of murder, jurisdiction is proper in the Supreme Court. See OCGA § 16-5-1 (e) (1); *Neal v. State*, 290 Ga. 563, 572 (722 SE2d 765) (2012) (Hunstein, C. J., concurring); see also *State v. Thornton*, 253 Ga. 524, 524 (1) (322 SE2d 711) (1984) (directing this Court to transfer "all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder"), overruled in part on other grounds as

recognized in *Elliott v. State*, 305 Ga. 179, 205 (III) (C) (i) (824 SE2d 265) (2019).

The Supreme Court also has jurisdiction over "cases involving extraordinary remedies . . . concerning proceedings in which a sentence of death was imposed or could be imposed[.]" OCGA § 15-3-3.1 (a) (4). Because this is such a case, jurisdiction appears to lie in the Supreme Court. See *Brock v. Hardman*, 303 Ga. 729, 730 (1) (814 SE2d 736) (2018) (Supreme Court had subject matter jurisdiction to consider "mandamus petition brought by a prisoner convicted of murder claiming a right to free records of his murder case for the purpose of challenging that conviction"). Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/07/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*